UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THE CITIZENS NATIONAL BANK OF PARIS, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:10-CV-412-TLS |
| LEROY J. OMO, KATHLEEN N. OMO, O-2 HOLDINGS, LLC, NWLD HOLDING, LLC, and TOWER BANK & TRUST COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION & ORDER**

The Plaintiff, The Citizens National Bank of Paris, has sued Leroy J. Omo (Leroy), Kathleen N. Omo (Kathleen), O-2 Holdings, LLC (O-2), NWLD Holding, LLC (NWLD), and Tower Bank & Trust Company (Tower), alleging that Leroy defaulted on his obligations under the terms and conditions of notes issued to him and for which Defendants O-2 and NWLD guaranteed payment. Kathleen executed a Commercial Security Agreement, which the Plaintiff alleges served as cross-collateralization for all indebtedness of Leroy to the Plaintiff. Kathleen has moved to dismiss the Amended Complaint on grounds that it does not state a valid cause of action against her [Motion to Dismiss Amended Complaint as to Defendant Kathleen N. Omo Under FRCP 12(b)(6), ECF No. 27]. The Plaintiff opposes the Motion [Brief of Plaintiff in Opposition to Motion to Dismiss Claim Against Defendant, Kathleen N. Omo, ECF No. 32].

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510,

1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

**ANALYSIS**

The Plaintiff's lawsuit is an attempt to secure payment on two promissory notes for loan numbers R-27046 and R-27703 which Leroy executed and delivered to the Plaintiff on March 17, 2009. To secure these notes, O-2 and NWLD executed and delivered to Plaintiff continuing commercial guarantees, in which they guaranteed to Plaintiff the full and punctual payment, performance, and satisfaction of all Leroy's indebtedness under the loan documents. As further

2

security for the notes, O-2 and NWLD had previously granted to the Plaintiff mortgages dated June 12, 2008 (the O-2 Mortgage), and December 23, 2008 (the NWLD Mortgage). The Mortgages were recorded in the offices of the recorders in the counties where the properties are located. On May 17, 2010, NWLD, Leroy, and the Plaintiff entered into a Loan Modification Agreement, which directed NWLD and Leroy to take certain action. The Amended Complaint alleges that Leroy and NWLD failed to take the action required of them by the Loan Modification Agreement, that Leroy has defaulted on his obligations under the terms and conditions of the notes by failing and refusing to make timely payments despite demands, and that O-2 and NWLD have guaranteed payment and satisfaction of Leroy's obligations under the notes.

With respect to Kathleen, paragraph nineteen of the Amended Complaint asserts the following: "On June 14, 2007, [Leroy] and Kathleen executed, in favor of the Plaintiff their Commercial Security Agreement for Loan Number 25287, (the "Security Agreement") which, by the terms thereof, served a Cross-Collateralization for all indebtedness of [Leroy] to the Plaintiff." (Am. Compl. ¶ 19, ECF No. 10.) A copy of the Security Agreement is attached as Exhibit 10 to the Amended Complaint.

In her Motion to Dismiss, Kathleen argues that because the Amended Complaint does not allege that she signed the promissory notes or the mortgages, and she was not a member of O-2 or NWLD, she cannot be held liable on these instruments under Indiana law. Regarding the Security Agreement, which she did sign, Kathleen advises that it references loan number 25287, which matured on July 10, 2010, and which is not part of the Plaintiff's litigation. Kathleen also points out that the notes and mortgages at issue post date the Commercial Security Agreement.

In response to Kathleen's Motion, the Plaintiff argues that the allegations in paragraph 19, specifically the allegation that the Agreement served as cross-collateralization for all Leroy's indebtedness to the Plaintiff, and, thereby, sets forth a legally viable claim against Kathleen. The Court agrees that the allegation in paragraph 19 provides notice to Kathleen of the grounds upon which the Plaintiff seeks relief. The Amended Complaint is sufficient to put Kathleen on notice that the Plaintiff intends to hold her liable for all of Leroy's indebtedness, and specifically for the notes and mortgages described in the Amended Complaint, and that it intends to do so through the Commercial Security Agreement attached to the Amended Complaint as Exhibit 10. The Plaintiff's allegation regarding cross-collateralization, assuming its veracity, plausibly gives rise to an entitlement to relief. Although far from established, it is plausible that the broad language of the cross-collateralization clause in the Commercial Security Agreement obligates Kathleen for the debts of Leroy. The Plaintiff's allegations thus raise a right to relief above the speculative level. The role of the Court in enforcing any agreement is to give effect to the intention of the parties. *See McClain's Estate v. McClain*, 183 N.E.2d 842, 654–55 (Ind. Ct. App. 1962). It is too early in the litigation for the Court to declare that the intentions of the parties, as evidenced by the language of the relevant contracts, does not obligate Kathleen in the manner alleged by the Plaintiff.

## CONCLUSION

For the reasons stated above, the Court DENIES the Motion to Dismiss Amended Complaint as to Defendant Kathleen N. Omo [ECF No. 27].

SO ORDERED on December 12, 2011.

       s/ Theresa L. Springmann  
       THERESA L. SPRINGMANN